*In the matter of the Petition of* DANIEL L. PIERCE *for a
Writ of Habeas Corpus.—* DANIEL L. PIERCE *et al.* V.
THE STATE OF KANSAS, *on the relation of Lyman W
De Geer, County Attorney.*

1. CONTEMPT—*Power of Court.* It is within the power of a district
court to permit a party committed for contempt for not obeying
an order of the court, or. the judge thereof, to purge himself from
such contempt.

2. ———— *Discharge from Punishment.* Where a defendant is found by
a district judge guilty of contempt in violating an order of injunc-
tion issued against him in a civil action, and on account of such
contempt there is imposed upon him a fine of $25, and he is also re-
quired to make restitution of a certain county warrant issued in
violation of the order of injunction, and is committed to jail until
he complies therewith, and subsequently he is tried and convicted
upon the criminal charge of unlawfully issuing the county warrant,
and thereafter he appears before the district court and gives a full
statement under oath of his property, shows that he is insolvent,
that he cannot make restitution, that he acted upon the advice of
two reputable lawyers in issuing the county warrant, disclaiming
any intention of committing a contempt of the court or the judge
thereof, or any purpose to destroy or impair his authority, and offers
to pay the fine and all of the costs of the proceedings against him,
*held,* the court has jurisdiction to discharge such party from im-
prisonment, and if, after his imprisonment for a considerable length
of time, there is no other alternative than his perpetual imprison-
ment, it is the duty of the court to discharge such party, upon his
purging himself of such contempt and paying the fine and costs
imposed.

*Original Proceeding in Habeas Corpus.*

ON the 7th day of July, 1892, the county attorney of Bar-
ber county commenced an action against the board of county
commissioners of that county, of which Daniel L. Pierce was
chairman, to enjoin the board from purchasing certain bridges
in the county, and from issuing bonds or scrip in payment
therefor. On the same day a temporary injunction was granted
by the district court, which was personally served by the sheriff
upon Pierce. A summons was also issued in the action by the
district clerk on which the words, "Injunction allowed," were

indorsed. Subsequently, Pierce signed scrip for $1,738.68, payable to R. Lake, for his alleged interest in the Lake City bridge. On the 12th day of July, 1892, the district judge of Barber county, finding that Daniel L. Pierce was guilty of contempt in having violated the order of injunction issued against him, imposed a fine of $25, and required him to make restoration of the county scrip alleged to have been issued in violation of his order, and ordered his commitment to the jail of Barber county until he complied with his order, or was otherwise discharged by law. Thereupon, Pierce appealed from the order of the district judge finding him guilty of contempt and sentencing him therefor. This court affirmed the order. The opinion was handed down on April 8, 1893. (*The State, ex rel., v. Pierce,* 51 Kas. 241, 246.) On the 30th of July, 1892, there was filed in the district court of Barber county an information against Daniel L. Pierce charging him with the unlawful issuance of a county warrant or order in favor of R. Lake, for $1,738.68, without any account having been presented to the board of county commissioners of that county, as prescribed by the statute. A trial was had at the May term of the court for 1893, and Pierce was convicted. His conviction was affirmed by this court, the opinion having been handed down on December 9, 1893. (*The State, ex rel., v. Pierce,* 52 Kas. 521.)

After the decisions of this court in *The State, ex rel., v. Pierce,* 51 Kas. 241, 246, and on October 24, 1893, Pierce filed his motion in the district court of Barber county for an order discharging him from imprisonment in the contempt case, and also asking permission to allow him to purge himself of the contempt, and alleging, among other things, his insolvency, and inability to make restoration of the county scrip issued by him. This motion was heard before the district court of Barber county on the 24th of October, 1893, upon oral and written testimony. Pierce offered, upon the hearing of the motion, to pay the fine of $25, and all the costs of the proceedings against him, amounting to $46.50. The court took the motion under advisement, and on the ' th

of November, 1893, overruled the same, "upon the ground that the court had no jurisdiction to make such discharge." Pierce excepted. On January 2, 1894, he filed in this court his appeal, containing all of the testimony, oral and written, introduced upon the hearing of that motion. He filed his application in this court on October 3, 1893, for a writ of *habeas corpus*, asking to be discharged from imprisonment, and alleging that he is ready and willing to pay his fine of $25, and the costs of the proceedings against him, amounting to $46.50, but that it is not within his power to comply further with the order of the district judge to perform the matters recited therein, and "that he is wholly unable to make restoration to Barber county of $1,738.68, and is unable to restore the scrip or order referred to." These cases were heard before this court at its January session for 1894, and on April 5th of that term. Other facts appear in the opinion herein, filed January 5, 1895.

*E. Sample*, and *Chester I. Long*, for petitioner and plaintiffs in error.

*John T. Little*, attorney general, and *Leon E. Beals*, county attorney, for respondent and defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: After an order had been entered by the district judge of Barber county against Daniel L. Pierce, finding him guilty of contempt, and sentencing him to pay a fine of $25, and make restoration of certain county scrip, Pierce filed his motion to set the injunction aside, for alleged irregularities of the order. These alleged irregularities were not embraced in the appeal disposed of in *The State, ex rel., v. Pierce*, 51 Kas. 241, 246. Subsequently he appeared before the court below asking to be discharged from imprisonment and to purge himself of contempt. He offered to pay the fine of $25 imposed, together with all the costs of the proceedings against him, amounting to $46.50. He also showed

his insolvency, and his inability to make restoration of the county scrip.

If the court below had made a finding that the evidence introduced was not satisfactory concerning his insolvency or his inability to do the act commanded, a very different question would be presented than the one we now have for consideration. The court, however, placed its refusal of the application of the defendant "upon the ground that it had no jurisdiction to discharge him." Upon the testimony presented, unless the defendant is permitted to purge himself of contempt, the alternative is perpetual imprisonment. This, of course, cannot be favored. The order of the district judge of the 12th of July, 1892, had a twofold operation: it was in the nature of a remedy to compel the performance of a duty, as also a penalty for the wrong done. It was intended for the benefit of Barber county and for the vindication of the district judge for the violation of his order. It appears that the defendant, in signing the scrip, acted upon the advice of R. A. Cameron and A. J. Jones, two reputable lawyers, whom he consulted. One of them was the late county attorney. This advice was no justification, but may be considered in the application to purge the contempt. It also appears that the defendant is now out of office; that he is insolvent, and unable to make restoration. Since the order was entered punishing him for contempt, he has been tried and convicted upon the criminal charge of unlawfully issuing the county warrant. He has appeared before the court below and given a full statement under oath of his property, and of his inability to do anything further to comply with the order of the court. He has attempted, as far as he could do so, to disavow the contempt, and, drawing the reasonable inferences from the testimony, we do not think that there is any legal justification for his further imprisonment. (*In re Hilles,* 13 Phila. 340; *Ex parte Thurmond,* 1 Bailey, 605; *O'Callagahn v. O'Callagahn,* 69 Ill. 552.) The judgment in these cases will not prevent the board of commissioners of Barber

county from recovering from the defendant in a civil action any damages they may be entitled to on account of his malfeasance or misfeasance while in office.

The defendant will be discharged, upon the payment to the sheriff of Barber county of $25, his fine, and the costs, of §46.50, all of which were tendered by him.

All the Justices concurring.