CADOTTE *v.* CADOTTE.

1. DECREES—TIME OF ENFORCEMENT—MODIFICATION.
   While the court has not, after enrollment, power to amend the decree without a rehearing, it retains the power to modify by a subsequent order the time of its enforcement.

2. SAME—EXTENSION OF TIME.
   A showing that defendant's delay in making certain payments to complainant, as provided in a decree of divorce, was due to the latter's failure to furnish a promised abstract of title to the property involved, justifies an order extending the time for making such payments.

3. SAME—MODIFICATION IN SUBSTANCE.
   An order requiring the complainant, who has been granted a decree of divorce, to furnish defendant with an abstract of title to land which he was decreed to turn over to her, is a modification in substance of the original decree containing no such provision.

Appeal from Wayne; Donovan, J.   Submitted May 4, 1899.   Decided July 11, 1899.

Bill by Frank J. Cadotte against Johanna Cadotte for a divorce.   Decree for complainant.   From orders extending the time for defendant to make certain payments, denying complainant a writ of assistance, and charging him with the cost of an abstract, complainant appeals. Modified.

*James M. Goodell*, for complainant.

*Howard B. Bloomer*, for defendant.

MONTGOMERY, J.   This is an appeal from orders of the court made subsequent to the granting of the decree.   The decree of the court, dated March 16, 1898, filed May 4, 1898, granted a divorce to complainant on the ground of extreme cruelty.   It provided for a division of the prop-

erty of complainant, both real and personal, between the parties, in the following manner: Within 10 days after service upon her of a copy of the decree, the defendant was required to make an inventory of the personal property (which was in her possession), and divide the same into two parcels, and give notice of the same to the solicitor for complainant, and also at the same time give notice to said solicitor of the amount which she would give or take for the one-half interest in the equity of complainant in the real estate. Within five days thereafter, complainant should make his choice of one of the two said parcels of personal property, and also notify defendant, within the same time, of his option to give or take the amount proposed by her for said half interest in said equity in the real estate. In case the defendant should not comply with the above terms within the time limited, the household goods should belong to the defendant, and the real estate to complainant. In case of division of said household goods as provided, defendant should immediately deliver to complainant the parcel selected by him. Should complainant elect to pay defendant for her interest in said equity, she should surrender possession of the real estate within 10 days after payment of the amount to be paid as aforesaid. In case defendant gave notice within 10 days of what she would give or take for the half interest in said equity, and complainant elected to accept the money, the defendant was required to pay such sum within 30 days after complainant made his election to accept the same, and her failure to pay the same within such time should operate as an abandonment of her offer to give or take as aforesaid, and should entitle complainant to have all of said equity, and defendant to have all of the household goods. In such case, if one-half of the household goods had been delivered to complainant, they should be returned to defendant.

May 6, 1898, a copy of decree was served on defendant. May 14th, defendant served lists of two parcels of personal property, and gave notice that she would give or

take $1,000 for the half interest in the equity in the real estate. May 18th, complainant served on defendant notice of acceptance of her offer to give $1,000 for the equity, and selected parcel No. 1 of the personal property. On the same day the personal property was divided, and complainant removed the parcel selected by him. June 20th, the 30-day limitation fixed by the decree for the payment by the defendant of the amount offered by her for complainant's equity having expired on the 17th, and she having failed and neglected to pay the same, complainant caused a tender to be made to defendant of the amount of her lien on said real estate, viz., $961.75, under the decree in cause No. 17,437. She was at the same time requested to state when she would vacate the premises, and where she desired complainant to return the personal property.

June 22d, defendant filed a petition for an order extending the time to pay the $1,000, and requiring complainant to allow certain set-offs, and to furnish an abstract of title of the premises in question. July 13th, Judge Carpenter, before whom said petition was heard, denied the said application of defendant, without prejudice. July 15th, complainant filed a petition for a writ of assistance as against defendant and Ernest Cobb, a tenant under her. July 27th, Judge Donovan, who heard the above application, made an order dismissing the same, and also requiring complainant to furnish an abstract of title, and extended the time for payment of the amount offered by defendant for complainant's interest in the real estate 20 days from the date of the order. August 10th, the opinion of Judge Donovan was filed, authorizing the defendant to deduct $26.80 for the abstract of title procured by her from the $1,000, and allowing her to tender the balance into court. August 11th, an order was made by Judge Donovan granting leave to defendant to make a tender to complainant's solicitor of the amount offered by her, and directing complainant to deliver to defendant a deed of his interest in said premises.

From these orders denying the writ of assistance, ex

tending the time to make payment, and charging complainant with the cost of an abstract, complainant appeals.

It is contended by appellant that the court cannot, after enrollment, alter or amend its decree, and that, therefore, the orders in question were unauthorized. Judge Donovan recognized the general rule contended for. In his opinion he said, "The court's decree to give or take so much for the property, made by Judge Aldrich, can in no way be disturbed, except to aid in executing and performing it, which power we claim to possess." We think Judge Donovan did not mistake the power of the court. While the court has not, after enrollment, power to amend the decree without a rehearing, it retains the power to modify by a subsequent order the time of its enforcement. 5 Enc. Pl. & Prac. 1057, and cases cited in note. The case shows that defendant was entitled to the real estate on payment of $1,000, and there is enough to show that she was delayed in her negotiations for the money by the assurance of complainant's attorney-in-fact that he would furnish an abstract of the property, which he later declined to do. The case was a proper one for an extension of time for performance of the decree. We do not, however, find that the original decree required complainant to furnish an abstract, and think that this requirement was a modification in substance of the decree.

The order will be so modified that the defendant may have 30 days from the entry of the decree in this court to make tender of the $1,000. No costs will be awarded on this appeal.

The other Justices concurred.