L. M. HARTLEY v. E. T. BARTRUFF *et al.*, Appellants.

.**Decree Authorizing Redemption Upon Conditions:**        AMENDMENT
AFTER BREACH OF CONDITION: *Signing of decree.* Plaintiff obtained a decree establishing his right to redeem from a tax sale by the payment of the amount due thereby. within sixty days from date, otherwise the decree to be null and void. Plaintiff's attorney advised payment of the amount within thirty days, but did not say that the decree would be void unless paid in sixty days. Plaintiff did not have the money at the time, and. thinking that the only effect of delay would be defendant's retention of the land until payment, did not pay within the sixty days. On discovering the condition the amount was paid into court, and at the next term thereof, and before the record was signed. plaintiff filed an application, for extension of time. *Held* proper to grant such application, under Code, section 243, providing that the record is under the control of the court, and may be amended or any entry expunged at any time during the term at which it is made or before it is signed.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

SATURDAY, DECEMBER 22, 1900.

DECREE was entered June 3, 1898, in a suit brought by plaintiff, as grantee of Lulu M. Martin, a minor, establishing his right to redeem 80 acres of land from tax sale by the payment of $49.56 "within sixty days from this date," and declaring that "otherwise this decree shall be null and void." Payment was not made to the clerk until August 26, 1898, and at the following term of court, before the record was signed, plaintiff moved that the time of payment be extended. This motion was sustained, and plaintiff permitted to pay the amount required to redeem; and this being done, with interest and certain other items, forthwith, title was confirmed in him. From this order defendants appeal.—*Affirmed.*

*A. M. Antrobus* for appellants.

*E. S. Huston* for appellee.

LADD, J.—It appears that upon the entry of the decree, June 3, 1898, plaintiff's attorney advised him to send the money necessary to redeem within 30 days, but did not mention the provision making the decree void unless paid in 60 days. He did not have the money at the time, was disappointed in getting it as expected, and, believing that the only consequence of delay would be the retention of possession of the land by defendant pending payment, took his time in procuring the necessary funds. Defendant's attorney also omitted to advise his client of the terms of the decree, and on the twelfth day of July began two actions in his behalf for breach of warranty in conveyances under which he had claimed title. These, however, were dismissed upon discovery that redemption had not been made within the time fixed in the decree. Payment of the required amount into court was made as soon as the condition was learned, and an application for extension of time filed at the next term of court,—September 12, 1898. It would, indeed, be a reproach to the law if relief might not be afforded in such a case. Nothing was sought affecting the decision on the merits. The decree, save in a matter wholly within the discretion of the court, stands as before modified. The matter and time of carrying a decision into effect never rest upon evidence, in the sense that the evidence controls these questions. These are always to be determined by the court, unaffected by the proof; and we can conceive of no good reason why, in a proper case, a decree may not be modified in the respect proposed. It was so held in *Cadotte v. Cadotte,* 120 Mich. 667 (79 N. W. Rep. 932), and *Tyler v. Shea,* 4 N. D. 337 (61 N. W. Rep. 468, 50 Am. St. Rep. 660) ; and in the latter case, that this might be done after being remanded. The record is

under the control of the court, "and may be amended, or any entry therein expunged, at any time during the term at which it is made or before it is signed by the judge." Code, section 243. Possibly, as suggested in *State v. Crosby,* 67 Iowa, 352, though not decided, a record, in so far as it affects the merits, ought not to be changed after the term, save to correct a clearly-established mistake. See, also, *Boals v. Shules,* 29 Iowa, 507; *Bosch v. Kassing,* 64 Iowa, 312. It was not intimated, however, in any of these cases that a change in the time or manner of enforcing a judgment might not be appropriately made on application, as has long been the practice, if done before the record is signed and approved. The suggestion that, as a tender must have been pleaded, the time of redemption relates to the substance, rather than the carrying into effect of the decree, is utterly without merit.—AFFIRMED.