## NISBET, clerk, *v.* TINDALL.

1. Under the Civil Code, §§ 4323, 4324, a judge of the superior court has authority in vacation to pass upon an application for the discharge of a receiver who has been imprisoned for contempt in refusing to pay over money in obedience to an order of the court.
2. In such a case it is within the power of the judge to discharge the receiver on the ground that he is unable, on account of poverty, to pay over the money,

and the court is not absolutely bound to consider and pass, in express terms, upon the question whether or not the applicant has, by the imprisonment which he has already endured, been sufficiently punished for the contempt.

Submitted March 1, — Decided April 28, 1902.

Petition for discharge from custody.   Before Judge Roberts. Bibb superior court.   November 23, 1901.

*N. E. Harris, Hall & Wimberly, C. P. Steed,* and *Anderson & Grace,* for plaintiff in error.   *John P. Ross,* contra.

LUMPKIN, P. J.   The records of this court already afford abundant evidence that H. C. Tindall, as receiver of the Macon Hardware Company, was, by an, order of the superior court of Bibb county, required to pay into court a large sum of money which came into his possession as receiver, and which he had misappropriated; also that Tindall was, for failure to comply with the terms of this order, imprisoned in the common jail of Bibb county, and has made repeated and persistent efforts to obtain a discharge therefrom.   See *Tindall* v. *Nisbet,* 113 *Ga.* 1114, 114 *Ga.* 224; *Tindall* v. *Exchange Bank,* 115 *Ga.* 153.   His last attempt in this direction proved successful.   On November 16, 1901, he made an application to the superior court of Bibb county for a discharge from imprisonment.   Hon. D. M. Roberts, judge of the Oconee circuit, took jurisdiction of this application, Hon. W. H. Felton, judge of the Macon circuit, being disqualified; and on the day last mentioned issued an order requiring R. A. Nisbet as clerk to show cause before him, on the 23d day of November following, at the courthouse of Bibb county, in the city of Macon, why the application should not be granted.   A hearing was then had, and Judge Roberts passed an order reciting that the applicant had purged himself of the contempt for which he was committed to jail, by showing that he was unable by reason of poverty to restore the money he had been ordered to restore, and adjudging that he be discharged from further custody.   Thereupon Nisbet sued out a bill of exceptions, which presents for determination the questions dealt with below.

1. It appears that the order nisi and the final order of discharge were both granted by Judge Roberts in vacation, and the point is made that he had no jurisdiction or authority to act upon the application except in term.   We do not think that this point is good. Prior to the passage of the act of December 14, 1895 (Acts 1895, p. 46), judges of the superior court were not permitted to "exercise

any power out of term time, except the authority is expressly granted," but might, "by order granted in term, render a judgment in vacation." See Code of 1882, § 249; Civil Code, § 4325. The purpose of the act just mentioned was to enlarge the powers of judges of both the superior and city courts with reference to the matter of transacting business in vacation. The provisions of that act are now embodied in the Civil Code, §§ 4323, 4324, as follows: " The judges of the superior and city courts have power to hear and determine, in vacation as well as in term time, without any order passed in term time, all motions for new trial, certioraries, and all such other matters as they now can hear and determine in term time, and which are not referred to a jury." "The hearing of all cases provided for in the preceding section shall be fixed by the judge upon the application of either party or his counsel, of which time and place the party making said application, or his attorney, shall give the opposite party or his attorney at least ten days notice in writing." It will be seen that under the first of these sections judges of the superior court have "power to hear and determine, in vacation as well as in term time, without any order passed in term time," all matters, except such as require a trial by jury, which they have authority to "hear and determine in term time." The next section provides that the hearing of each case thus provided for shall be fixed by the judge upon the application of either party or his counsel, and that the opposite party shall be given at least ten days notice in writing of the time and place of the hearing. Certainly, Tindall's application with which we are now dealing was a "matter" of the kind upon which the judge had authority to pass in term. This application was duly presented by his counsel, and the opposite party had notice thereof and of the time and place of hearing. It is true that he did not receive "ten days notice," but in this connection the judge certifies that the clerk and his attorney were present at the hearing, which "proceeded with apparent regularity," and that "no question as to the regularity of the proceeding was raised or ruled upon;" and further, that the point was not raised that the judge "had no power or jurisdiction to try the case and pass upon the questions involved therein." It would thus seem that the requirement as to giving ten days notice was waived; and this being so, compliance with this special provision of the statute should not be held indispensable. Our conclusion, therefore, is that

the judge, under the facts set forth above, did have jurisdiction to pass in vacation upon Tindall's application. This ruling is entirely consistent with that announced in the case of *Atlanta etc. R. Co.* v. *Strickland*, 114 *Ga.* 998; for it was therein expressly pointed out that the motion for a new trial then under consideration was not set for a hearing under the provisions of the above-quoted sections of the Civil Code.

2. By demurrer in the court below, the clerk made the point that Tindall's application was bad, because he failed to allege therein that he had " been sufficiently punished for his acts of contempt." This demurrer was overruled, and the clerk excepted. He also excepted to the order granting the discharge, on the grounds that the evidence at the hearing did not show that Tindall had been duly punished, and that the judge, in granting the discharge, did not so adjudicate. We are of the opinion that it was not absolutely essential for the applicant to present this precise question for the determination of the judge. In *Ryan* v. *Kingsbery*, 89 *Ga.* 228, this court held that " Inasmuch as it is contrary to the spirit of the constitution and laws of this State to detain any person in prison who is unable by reason of his poverty to pay money into court or deliver the same to a receiver; and inasmuch as no person should be so detained if there is ground for any reasonable doubt of his ability, the doctrine of res adjudicata can not be invoked or used to make imprisonment perpetual." In *Kingsbery* v. *Ryan*, 92 *Ga.* 109, it was held that " To guide the discretion of the court in administering remedial punishment, the term of which is not fixed by law, all pertinent facts may be adduced and considered, no matter whether they be consistent or inconsistent with a previous judgment in the same or in any other case. The conscience of the court may seek light wherever it is to be found. The element of conclusiveness in the judgment does not extend to the duration of the imprisonment. If so, the imprisonment might be perpetual." See, also, *Briesnick* v. *Briesnick*, 100 *Ga.* 57, wherein it was decided that " the element of conclusiveness would not . . extend to the duration of any imprisonment that the court might direct as a means of compelling obedience to its order; but as to this, the entire matter would rest in the sound discretion of the judge." It follows from the rulings of this court in these cases, that it should now be regarded as definitely and finally settled that, in all cases

of this character, the question of discharging from custody an officer of the court, who has been imprisoned for not paying over money or delivering property, must be left to the sound discretion of the trial judge, and that he shall have exclusive control of the matter. The evidence heard by Judge Roberts was amply sufficient to establish the fact that Tindall was unable from poverty to pay over the money which he had misappropriated; and this being so, we can not say that the judge erred in ordering the prisoner to be discharged. From a metaphysical standpoint, it seems that his honor must necessarily have been satisfied that the imprisonment, covering a period of 138 days, had been sufficiently long to vindicate the dignity of the court; and certainly he must have concluded that further imprisonment would not have the effect of compelling obedience to the order requiring Tindall to pay over the money.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*