C. M. SWAN, Appellee, v. I. A. HARVEY, Appellant.

**Redemption From Tax Deed:** EXTENSION OF TIME. Where a right to redeem from a tax deed has been decreed, the time within which redemption may be made is a mere incident to enforcement of the decree, and though the district court loses jurisdiction of the merits of the controversy by appeal it still has authority to extend the period of redemption under the inherent power of a court of equity to modify its order relating solely to the enforcement of such decree.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, FEBRUARY 19, 1904.

In July, 1900, the plaintiff began an action in equity to redeem certain lands from a tax deed issued to the defendand. He obtained a decree in the district court in October

of the same year, authorizing redemption as prayed within ninety days from the date of the decree. In November following, the defendant appealed from said decree; and on the 16th day of May, 1902, the case was affirmed by this court. Thereafter, and on the 12th day of July, 1902, the appellant filed a petition for a rehearing, which was overruled on the 23d day of October, 1902, and on the 3d day of November, 1902, a procedendo issued from this court to the district court of Woodbury county. The plaintiff did not redeem within the ninety-day period fixed by the decree, but on the 17th day of July, 1902, he made a written tender to the defendant of the amount required by the decree. This was refused by the defendant on the ground, among others, that it came too late. On the 13th day of November, 1902, the plaintiff filed in the original cause in the district court an application for an extension of the time of redemption, and on the 17th day of the same month he made a similar application to this court, which was overruled, without prejudice to the application then pending in the district court. The application in the district court was finally heard on the 3d day of March, 1903, and the time of redemption was extended until the next day at noon. With the necessary money in his possession, the plaintiff made diligent effort to find the defendant within the time stated, but was unable to do so, and did not find him until about 2 o'clock in the afternoon of the same day, at which time he made a tender of the amount required for redemption by the order of the court, which tender was refused by the defendant. On the 5th day of March, 1903, the plaintiff filed a second application for an extension of the time of redemption, which was granted, and the time thereof extended thirty days. The defendant appealed from the orders of March 3 and 5, 1903, and by stipulation the two appeals are submitted together.—*Affirmed*.

*John R. Carter* for appellant.

*Edwin J. Stason* for appellee.

SHERWIN, J.—The ·controlling question here is whether the trial court was without jurisdiction to grant the plaintiff further time in which to make redemption, for, if it had this power, the facts and the history of the case fully warranted its exercise.   The sole question for determination upon the original submission of the case was whether the plaintiff, as a judgment lien holder, was entitled to redeem at all; and, when that question was determined by a decree, the merits of the controversy between the parties was fully adjudicated, and the fixing of the time within which such redemption should be made was but an incident thereto, affecting in no way the real merits of the case, and wholly within the sound discretion of the court.   Although the trial court lost jurisdiction of the suit when the appeal was taken, so far as the merits of the controversy were concerned, and could not thereafter acquire jurisdiction to re-try any of the issues, except upon the mandate of this court, it still had the chancery power inherent in a court of equity to change or modify its orders relating solely to the enforcement of such decree. *Hartley v. Bartruff,* 112 Iowa, 592; *Dunton v. McCook et al.,* 120 Iowa, 444; *Cadotte v. Cadotte,* 120 Mich., 667 (79 N. W. Rep. 932); *Tyler v. Shea,* 4 N. D., 377 (61 N. W. Rep. 468, 50 Am. St. Rep. 660); 5 Encyclopedia Pleading & Practice 1057.  See, also, *Schlawig v. De Peyster,* 83 Iowa, 328.   That the orders appealed from relate solely to the enforcement of the decree cannot, we think, be seriously questioned.

The judgment of the district court is affirmed, and the plaintiff is given twenty days after the filing of this opinion in which to pay the amount adjudged necessary for redemption by the district court.   In case the defendant refuses to accept the same, the amount may be deposited with the clerk of the district court for the defendant's use, and such deposit shall be considered full redemption under this order.— AFFIRMED.