NORTHERN UNION GAS CO. v. MAYER, Atty. Gen., et al.

(Circuit Court of Appeals, Second Circuit. October 19, 1909.)

No. 172.

1. APPEAL AND ERROR (§ 150*)—RIGHT OF REVIEW—INTEREST IN SUBJECT-MATTER.

Where a preliminary injunction was granted restraining the enforcement of a state law requiring a gas company to supply the city of New York and other consumers at reduced rates, on condition that the excess collected above such rates should be paid to a master to await the final determination of the case, and, on dissolution of the injunction, the city received back the excess it had paid, it had no further interest in the remainder of the fund and no standing to appeal from an order disposing of it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 934–946; Dec. Dig. § 150.*]

2. LIMITATION OF ACTIONS (§ 12*)—PERSONS WHO MAY RELY ON LIMITATION.

A balance of such fund received from private consumers having remained unclaimed was ordered returned to the gas company on its giv-

ing a bond to pay over any part of it which should afterward be claimed by such consumers or their assigns. *Held* that, having no legal right or title to the money, it could not insist on a provision that claims of such consumers or their assignee should be subject to the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 12.*]

Holt, District Judge, dissenting.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Northern Union Gas Company against Julius M. Mayer, Attorney General, and others. From an order made by the Circuit Court, complainant and the City of New York appeal. Modified and affirmed.

For opinion below, see 173 Fed. 628, and see, also, 171 Fed. 602.

Cortland Betts (John A. Garver, of counsel), for appellant Northern Union Gas Co.

William D. Marks, for appellant City of New York.

Before COXE and WARD, Circuit Judges, and HOLT, District Judge.

COXE, Circuit Judge. A preliminary injunction was granted in this case restraining the defendants from enforcing the law of the state of New York requiring gas companies to supply the city with gas at 75 cents and the public at 80 cents per 1000 cubic feet. The order provided that the complainant might continue to render bills as it had theretofore done, provided it deposit a sum equal to the excess over the rate fixed by law to the credit of a special master appointed to distribute the same in accordance with the final disposition of the cause. Thereafter the complainant billed its ordinary consumers as theretofore at the rate of $1.00. They were not parties to the cause and were of course at liberty to pay or to pay under protest or to refuse to pay, as they might be advised. The order was intended to secure their right to recover in case the complainant were ultimately defeated even if their payments were voluntary. In other words, to require the complainant to give satisfactory security that it would then repay the sums which it had collected under a claim of right.

A decree of the Circuit Court in favor of the Consolidated Gas Company involving the same questions, having been reversed by the Supreme Court of the United States, the special master has paid over the fund so deposited in this suit to the consumers or their assignees except to the extent of some $18,000, as to which no claims have been presented and it has been impossible to find the original consumers. The court has ordered the special master to pay this sum to the complainant upon its giving a bond conditioned to repay the consumers at any time hereafter or their assignees at any time within the period fixed by the statute of limitations of the state of New York.

The complainant and the defendant, the city of New York, have appealed from this order. The complainant appeals on the ground that no bond should have been required and that the statute of limi-

tations should apply to the claims of original consumers as well as to their assignees. The city of New York appeals on the ground that the fund should not be disturbed at all and that so much of it as shall remain unclaimed after ten years from the time of deposit should be transferred to a designated depositary to the credit of the United States.

Considering first the appeal of the city of New York, it has no grievance of its own and we think it has no standing to represent other consumers.

The money was paid into a bank to the credit of the special master. It is not now and never has been in the registry of the court.

No one who has the slightest interest in the result has appeared in opposition to the affirmance of the order. It was conceded at the argument that no matter what ultimately became of the fund no part thereof can ever go to the city of New York. The unpaid consumers have not appeared and the moment they do so their claims will be satisfied. If the present status of the fund continue the unpaid balance will remain indefinitely in the bank. If the special master be not discharged it will be necessary for him to maintain a large clerical force to administer the fund in the future, the expenses of which will greatly deplete it. A balance will undoubtedly remain with no claimants which will enure to the benefit of the bank. If after every opportunity to claim it has been given to the consumers, their legal representatives and assigns, they decline or neglect to receive it, it is the duty of the court to provide some intelligent disposition for the future. This we think has been done. The order of the Circuit Court makes the most careful provision for safeguarding the interests of the consumers and their assignees. There can be no doubt that with the bond which the complainant is required to give every valid claim will be promptly paid.

The complainant's objections to the order are not well taken. If the fund be allowed to remain in the bank under the direction of the special master, it is manifest that the consumers and their assignees can collect their claims at any time in the future. As the complainant is asking a favor of the court in requesting that the uncalled-for balance be returned to it, we see no reason why the complainant should be permitted to plead the statute of limitations to any of the claims, whether held by an assignee or not. If the assignments are proved to be fraudulent that will be a sufficient defense. If the assignments be valid the assignees are entitled to the same consideration as the original claimants. We think, however, that the complainant should not be required to give a bond extending over an indefinite period and that a bond covering a period of six years should be sufficient. We are also of the opinion that permission should be given to the complainant to apply to the court for leave to reduce the penalty of the bond from time to time as the amount is reduced by payments.

As so modified, the order is affirmed.

HOLT, District Judge, dissents.