---

FULTON INV. CO. et al. v. DORSEY et al.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

No. 4167.

1. APPEAL AND ERROR ⟨⟩497—RIGHT OF REVIEW—INTEREST OF PARTY.
    To sustain an appeal the record must show that appellant has an actual and substantial interest in the decree appealed from.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2954; Dec. Dig. ⟨⟩497.]

2. EQUITY ⟨⟩429—AMENDMENT OF DECREE—POWER AFTER TERM.
    While a federal court may not after the term amend the principles of a final decree, it has inherent power to modify by a subsequent order the time or manner of its enforcement, and under such power it may change the place at which a sale of real estate was directed to be made where by reason of the removal of a county seat the original direction did not conform to the statute.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1020–1033; Dec. Dig. ⟨⟩429.]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

---

Suit in equity by E. M. Dorsey and others against the Fulton Investment Company and others. From an order confirming a sale of lands, defendants appeal. Affirmed.

Edwin H. Park, of Denver, Colo., for appellants.

L. F. Twitchell, of Denver, Colo. (Archibald A. Lee, of Denver, Colo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

T. C. MUNGER, District Judge. In a decree of foreclosure of a mortgage upon real estate, entered by the court below, it was directed that the property be sold in satisfaction thereof, at the town of Hahn's Peak, Routt county, Colo. Soon thereafter, but at the following term, a petition was presented showing that the county seat of Routt county had been changed from Hahn's Peak to Steamboat Springs, and praying that the decree should be modified so as to direct the sale of the property at the courthouse in Steamboat Springs. After notice to counsel and a hearing, the modification prayed for was made. A sale was had in conformity to the amendment, and the sale was confirmed over the objections of one of the appellants.

[1] The pleadings are not contained in the transcript, and it does not appear that the Fulton Investment Company has any interest in the appeal. While it was a party to the suit, it may have been merely a formal and unnecessary party, or may have received all the relief to which it was entitled. The other appellant did not make any objections to the sale or its confirmation, and both join in an appeal. The proceedings could properly be dismissed. Fitzgerald v. Evans, 49 Fed. 426, 1 C. C. A. 307; Midland Valley R. Co. v. Fulgham, 181 Fed. 91, 104 C. C. A. 151; Northern Union Gas Co. v. Mayer, 174 Fed. 817, 98 C. C. A. 525.

[2] The appeal sought to be prosecuted is from the order confirming the sale; it being alleged that the sale at Steamboat Springs was contrary to law. Congress provides that lands sold under an order or decree of any United States court shall be sold at the courthouse of the county, parish, or city in which the property, or the greater part of it, is located, or upon the premises, as the court may direct. Act March 3, 1893, c. 225, 27 Stat. 751. The order of the court sought to make the decree conform to this statute, and pertained only to the enforcement of the decree. While a court may not, after the term, amend the principles of a final decree, it has the inherent right to modify, by a subsequent order, the time of the enforcement, or the manner in which it shall be enforced, and this order was within that power. Mootry v. Grayson, 104 Fed. 613, 44 C. C. A. 83; Royal Trust Co. v. Washburn, B. & I. R. Ry. Co. (C. C.) 113 Fed. 531; Bound v. South Carolina Ry. Co. (C. C.) 55 Fed. 186; Turner v. Indianapolis, B. & W. Ry. Co., 8 Biss. 380, 24 Fed. Cas. 367.

The order of confirmation is affirmed.