(No. 13913.—Order affirmed.)
EDITH TOTTEN, Appellant, *vs.* HARRY TOTTEN, Appellee.

*Opinion filed June 22, 1921—Rehearing denied October 7, 1921.*

1. JUDGMENTS AND DECREES—*when final decree may be modified after term—summons.* Ordinarily a court of equity has no power, after final decree, to amend or modify the principles of the decree but it has power to control the time and manner of the execution of a judgment or decree, and a decree holding that a deed is a mortgage and allowing the grantor to redeem within a certain time may be modified to give an extension of time on the petition of the grantor where the parties answering the petition have by their own acts prevented compliance with the decree, and such parties need not be again served with summons where they were parties to the original decree.

2. SAME—*when a party cannot complain of modification of decree.* A party who has answered a petition for an extension of time in which to carry out the provisions of a decree and who has appealed from the order granting the extension cannot complain that a modification of the decree requiring the petitioner to pay interest is a substantial modification which the court had no power to make, where the provision in the order for interest is for her benefit.

CARTWRIGHT, DUNN and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

MORRIS ST. PALAIS THOMAS, for appellant.

BURRY, JOHNSTONE & PETERS, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant, Edith Totten, brings this cause from the circuit court of Cook county to review an order of that court extending the time provided in a certain previous decree within which appellee, Harry Totten, should pay a certain sum of money found due under a warranty deed held in the previous decree to be a mortgage. The original decree holding said deed to be a mortgage was before this court for review in *Totten* v. *Totten,* 294 Ill. 70, and that decree was there affirmed. The facts pertaining to the transactions between Harry Totten, the mortgagor, and Enoch Totten, deceased, the mortgagee, are set out in full in *Totten* v. *Totten,* and it is not necessary to recount them here. This case arises on the proceedings subsequent to the affirmance of the decree in that case.

The decision of this court was filed June 16, 1920, and a rehearing in the cause was denied on October 6, 1920. On December 17, 1920, appellee filed in the circuit court the order of affirmance of this court, and upon leave being had, filed his petition for an order for additional time within which to pay the sum of $3555 found to be due by the original decree, and stated as a reason for seeking such extension of time that he had been prevented from obtaining the money with which to discharge his obligation under the decree by the acts of appellant and her brother. The petition states, in substance, that on November 24, 1920, appellee had succeeded in negotiating a loan for $5000, to be secured by a mortgage on the property. The mortgage was prepared, executed and placed on record, and by agreement with the mortgage brokers appellee was to furnish a guaranty of title from the Chicago Title and Trust Company; that on December 9 Edith and Gerald Totten began an ejectment suit in the superior court of Cook county against appellee and the Chicago Title and Trust Company to recover possession of the premises, basing their title on

the deed which had by the decision of this court been declared to be a mortgage, and that by reason of these acts on the part of the appellant and her brother, purposely clouding the title of appellee, he was unable to procure the loan. The petition also sets out that the premises are reasonably worth from $12,800 to $16,000. Appellant filed an answer denying jurisdiction of the court to enter the order prayed for and denying that the petition made out a case entitling the appellee to the relief sought. The circuit court entered an order extending the time within which to pay the money found due by the prior decree for a period of ninety days after the final determination of this suit.

Appellant contends that the order appealed from is void, first, because it is a substantial amendment of the prior decree entered; and second, that the order was erroneous because the court did not have jurisdiction of Howe and Gerald Totten, and that the petition and proof thereon did not make out such a case as entitled appellee to relief.

The principal contention of appellant is that the term at which the original decree in this case was entered in the circuit court having expired, the court was without jurisdiction of the subject matter as well as of the parties, and had no authority to extend the time for the payment. It has long been the rule that after a decree of court has been enrolled and the term at which it was entered has expired the court cannot amend the principles of a final decree. (*Cook* v. *Wood*, 24 Ill. 295; *Bushnell* v. *Cooper*, 289 id. 260; *Chapman* v. *North American Life Ins. Co.* 292 id. 179.) But the question arises here whether or not an extension of time in which to comply with the decree of the court is an amendment of the decree. While usually a court of equity has no power, after final decree, to amend, modify or alter the principles of the decree, the generally adopted rule is that it retains and possesses the power to control the time and manner of the execution of its judgments and decrees. 21 Corpus Juris, sec. 869; *Farmers*

*Loan Co.* v. *Oregon Pacific Railway Co.* 28 Ore. 44; *Cadotte* v. *Cadotte,* 120 Mich. 667; *Fulton Investment Co.* v. *Dorsey,* 220 Fed. 298; *Bond* v. *South Carolina Railway,* 55 id. 186.

In *Cadotte* v. *Cadotte, supra,* a decree for divorce, by its provisions concerning property rights of the parties the defendant was given thirty days within which to make certain payments of money and take over the equity in certain property of the complainant. After the thirty days had expired, and after the close of the term of court at which the decree was entered, it was sought to extend the time to enable her to pay said sum of money and receive the property in question. Such an order was entered by the chancellor, and it was contended that the court could not, after enrollment, alter or amend its decree, and had therefore no jurisdiction to enter the order complained of, and that such order was therefore void. On appeal it was held by the Supreme Court of Michigan that while the court could not amend the decree in its principles, yet it retained power to control by a subsequent order the time of its enforcement, and that the order extending the time was therefore valid.

In *Bond* v. *South Carolina Railway, supra,* a motion was made to postpone the sale of the South Carolina Railway property, ordered to be sold by a certain final decree. As the affairs of the railway were undergoing various phases of litigation in the courts, it was sought, after the adjournment of the term at which the decree of sale was entered, to modify the decree as to the time of the sale. The final decree fixed the sale as of the 11th of April, 1893. The question there arose as to the power of the court, after the enrollment of the final decree and the close of the term, to postpone the time of the sale of the property. It was held that while a material amendment or alteration of the final decree could not be entered, yet the court did have power to control the manner of the execution of its order and decree, and therefore to extend the

time in which sale should be made. This same doctrine is recognized in 2 Daniell's Ch. Pr. 1018, where numerous English and American cases are cited.

In the case of *Fulton Investment Co. v. Dorsey, supra,* a final decree had been entered confirming a sale of lands under foreclosure. An appeal was taken from this decree on the ground that after final decree of foreclosure and for sale had been entered, and after the term at which the decree was entered had passed, the decree had been changed concerning the place of sale of the property from Hahn's Peak to Steamboat Springs, Colorado; that the court had no power to make such change of place of sale, and the sale not having been made at the place designated in the original decree, was invalid. It was there held that while a court may not, after the term, amend the principles of a final decree, it has the inherent right to modify by a subsequent order the time of its enforcement or the manner in which it shall be enforced,—citing numerous cases of the Federal court. This we believe to be the true rule. No reason based on justice and equity arises to argue against it. To hold that a court of equity could not exercise such control over its decree would be to place in the hands of a defeated party in a court of equity the power to nullify the decree of that court by vexatious litigation preventing compliance by the successful party with the court's decree.

What we have said concerning the power of the court over enforcement of its decrees disposes of the contention that Howe and Gerald Totten should have been served with summons. They were parties to the original decree and are parties here, and were entitled to no further notice than was given in this case.

It is also contended that, aside from the question of jurisdiction, the petition, and the proof thereon, did not make out such a case as entitled appellee to the extension of time sought. With this contention we cannot agree. It is evident from the proof in the record that the children

of Enoch Totten in filing their ejectment suit did so for the express purpose of blocking the loan, which the record shows was practically completed, and preventing compliance with the original decree by Harry Totten. The record shows that had it not been for this interference the original decree would have been complied with. There was no mistaking the rights of these parties as determined on the previous hearing of this case in this court. The acts of the appellant and her brothers, therefore, were not only unjust and inequitable as to Harry Totten, but were in utter disregard of the ruling of this court and constitute an attempt to evade the effects of that ruling. Such conduct would seem to be unjustified even in cases where the parties are not related; and certainly where, as appears in this record, the unfortunate appellee is seeking to pay an obligation to the heirs of his uncle, the action of such heirs in seeking to evade the effects of a holding of this court is unjustifiable and difficult to understand.

The ejectment suit was filed on the 9th day of December. The refusal of the Chicago Title and Trust Company to guarantee the title, based upon the filing of the ejectment suit, was made on December 13, and on December 21 appellant and her brother dismissed at their own costs, without having a hearing thereon, the ejectment suit filed. It is evident that the purpose of the ejectment suit could only have been to block this loan and prevent Harry Totten from obtaining the relief to which he is entitled under the decree. Appellant, therefore, is in a poor position to complain of inequities in this case. Her attempts to deprive appellee of an opportunity to carry out the court's decree have been flagrant, and the law would be impotent, indeed, if the decrees of the courts of the land could be blocked and overpowered by such proceedings as these. Appellant is entirely without equity in this case.

Counsel for appellant cites numerous cases in support of his contention that appellee has no right to an extension

of time for the purpose of mortgaging the property to pay the amount found due. Without discussing those cases in detail, it is sufficient to say that none of them involve facts where, as here, parties seeking the benefit of a rule contended for have by their own acts prevented compliance with the decree by the party having a duty to perform under it.. Counsel has cited no such cases, and we are not aware of the existence of any.

Counsel for appellant contends that the order entered here was more than a mere change of the manner and time of executing the decree. He cites in support of this contention the provisions of the decree that a different place is provided for the execution of the deeds by Edith, Gerald and Howe Totten. This, as we have seen, relates only to the manner of the execution of the decree and falls within the rule heretofore discussed. Counsel also complains that the order is a substantial modification of the original decree, in that it provides that subsequent to January 3, 1921, Harry Totten shall pay interest at the rate of five per cent until such time as the sum herein required shall be paid by him, while the original decree made no provision for interest. The imposition of interest was evidently made for the benefit of appellant and her brothers. Appellee has assigned no cross-errors. Appellant will not be heard to complain of a provision in this order made for her benefit.

We are of the opinion that appellee should be given ninety days of free time after the last order in this litigation shall have been made within which to make this payment, and that the circuit court did not err in so ordering.

The order of the circuit court will therefore be affirmed.

*Order affirmed.*

CARTWRIGHT, DUNN and THOMPSON, JJ., dissenting.