(No. 26577.—

THE PEOPLE *ex rel.* Theodore Meier *et al.,* Petitioners, *vs.* JOHN C. LEWE, Judge of the Superior Court of Cook County, Respondent.

*Opinion filed September 21, 1942—Rehearing denied Nov. 11, 1942.*

John C. Eich, for petitioners.

Daniel M. Healy, for respondent.

Mr. Chief Justice Stone delivered the opinion of the court:

The People on relation of Theodore Meier and John E. Benz, by leave of this court, filed herein an original petition for a writ of *mandamus* again John C. Lewe, as judge of the superior court of Cook county, to require him to expunge from the record an order entered by him releasing from jail one Victor P. Frank who had been incarcerated

there for contempt of court for failure to pay relators specified sums of money directed by the court to be paid to them.

It appears that Frank had come into possession of funds, as special commissioner to make distribution thereof, arising from the sale of property under foreclosure. He, on December 30, 1938, filed his report showing the receipt of $8350.72 in cash to be distributed according to the decree of distribution. . Of such fund relator Theodore Meier was to receive $2195.24, and relator John E. Benz $705.16. Frank gave no bond for faithful performance of his duties as commissioner. Said sums not having been paid, Meier and Benz, on July 22, 1940, filed a petition for an order directing Frank to appear to show cause why he should not be punished for contempt of the order of court. On August 1, 1940, respondent, as judge of said superior court, after hearing, found there was due and unpaid to Meier the sum of $2237.02 and to said Benz the sum of $718.42; that no sufficient cause was shown by Frank why the same should not be paid, but that he wilfully failed and refused to obey the decree of the court to pay to Meier and Benz the respective sums due them, and found him guilty of contempt of court. It was also found that the contempt tended to defeat and impair the rights and interests of Meier and Benz. It was ordered said Frank be committed to jail until he paid relators the amounts due them, or until released by due process of law. A contempt *mittimus* was issued August 1, 1940, in accordance with that order, and Frank was incarcerated.

On July 2, 1941, Frank, by Seymour Frank, his agent, filed a petition in the proceeding praying for Frank's release from jail, on the ground that Frank had no funds and was unable to pay the sums required, or any part of them. On October 14, 1941, after a hearing on the petition, respondent, over objection of relators, entered an order in which it was found that the court had jurisdiction of

the parties and of the subject matter of the petition; that Frank had been in custody since the date of his commitment; that he had no real or personal property, and no income from any source whatsoever and is financially unable to comply with the order that he pay Meier or Benz. It was ordered that Frank be released from further custody and the sheriff of Cook county was directed to release him. It was also ordered that Frank file his personal recognizance in the principal sum of $1000 conditioned.that he remain within the jurisdiction of the superior court during the pendency of an appeal from that order and until entry of a final order on such appeal. Relators filed their motion before respondent to set this order aside, which was denied.

Relators' petition herein alleges that respondent was wholly without power or authority to enter the order releasing Frank and unless his order be .set aside and expunged, justice will be defeated and relators will suffer large damages. The petition prays that said respondent be directed by this court to expunge said order and cause Frank to be apprehended, and recommitted to jail, there to remain charged with contempt of the said superior court, until he pays or causes to be paid to relators the respective sums ordered paid to them by the order of August 1, 1940, or until released by due process of law.

The respondent filed a motion to strike the petition on the following grounds: (1) The order of October 14, 1941, shows on its face that it is not an order setting aside or modifying the order of commitment entered August 1, 1940, as contended by petitioner, but on the contrary, is an order releasing said Frank from further custody because of his inability to comply with the order of commitment. (2) The order releasing Frank from custody specifically finds that he had been in custody for more than fourteen months; that he has no property, funds nor income from any source whatsoever and is financially unable to comply with the order for payment of money for

which he had been adjudged in contempt and committed to jail. (3) The court had jurisdiction to inquire into those matters and to release and discharge Frank. (4) While the inability to comply with the court's order is not a defense to a proceeding to hold a person in contempt, it is a good ground for discharge and release from imprisonment within the legal discretion of the judge hearing the cause.

Relators insist the order of October 14, 1941, is a modification or vacation of the final order of August 1, 1940, and as such modification was attempted to be made more than thirty days after its entry, respondent did not have jurisdiction so to do, and so the order of October 14, 1941, is a nullity and should be expunged.

Whether in such a case respondent had jurisdiction to release Frank, presents a question not heretofore directly passed upon by this court. It is the only question in this proceeding. (*People ex rel. Cassidy* v. *Fisher,* 372 Ill. 146.) Whether the court erred in its determination of the cause may not be questioned in a *mandamus* proceeding, if such jurisdiction existed, but may be reviewed only on appeal. It seems clear that the order of October 14, 1941, was not a modification or vacation of the order of August 1, 1940. It did not purport to do so but to relieve Frank from further imprisonment.

It has long been the rule that after thirty days has elapsed, a decree becomes final and the court cannot amend it except as to form. (*Totten* v. *Totten,* 299 Ill. 43; *Chapman* v. *North American Life Ins. Co.* 292 id. 179; *Bushnell* v. *Cooper,* 289 id. 260; *Cook* v. *Wood,* 24 id. 295.) While usually a court of equity has no power, after a decree becomes final, to amend, modify or alter the principle thereof, it is a rule, generally adopted, that the court retains and possesses the power to control the time and manner of the execution of its judgments or decrees. *Totten* v. *Totten, supra;* 21 Corpus Juris, sec. 869; *Farmers Loan Co.* v.

*Oregon Pacific Railway Co.* 28 Ore. 44; *Cadotte* v. *Cadotte,* 120 Mich. 667; *Fulton Investment Co.* v. *Dorsey,* 220 Fed. 298; *Bond* v. *South Carolina Railway,* 55 id. 186.

While this court has not directly passed upon the question of the jurisdiction of the court which commits the contemnor, in cases of civil contempt, to discharge him from custody on showing of inability to comply with the order for the payment of money, the Appellate Court in *Wilson* v. *Prochnow,* 284 Ill. App. 639, reversed the ruling of the circuit court of Cook county which dismissed Prochnow's petition for release on the ground that the court had no jurisdiction so to do, and remanded the cause to that court for consideration of evidence. A petition for leave to appeal from this decision of the Appellate Court was filed in this court but was denied at the June, 1936, term. Thus this court indirectly approved the holding of the Appellate Court insofar as it held that the court committing the contemnor in such a case has jurisdiction to consider a petition for discharge because of inability to carry out the order of the court.

As was held by this court in *Wilson* v. *Prochnow,* 359 Ill. 148, cases of this character are civil contempts and the imprisonment ordered is not as punishment but to the end that the other party to the suit may obtain a remedy to the advancement of his own private interest and rights, which he could not otherwise procure.

Courts of other jurisdictions have considered cases in which the question was presented whether the court committing the contemnor had jurisdiction to release him on proper showing of inability to comply with the court's order. In *Pierce* v. *State,* 54 Kan. 519, 38 Pac. 812, the holding was that the court which committed for contempt has power to discharge on proper showing. In *Hendryx* v. *Fitzpatrick,* 19 Fed. 810, it was held that the court which committed one for contempt of court has jurisdiction to

release him again in case he shows himself unable to comply with the requirements of the court. *In re Wilson,* 75 Cal. 580, 17 Pac. 698, was a case of imprisonment for contempt for failure to pay alimony. On petition for discharge it was held to be the duty of the court committing him, to hear evidence, and if satisfied from the evidence of the contemnor's inability to pay, to discharge him, and to remand him if not so satisfied. It is there observed that to hold that the petitioner, though utterly penniless, must suffer life imprisonment for debt because of the peculiar form in which the imprisonment is imposed, would be a gross violation of the plain intent of the law. In *Ex parte Hanson,* 81 Kan. 608, *habeas corpus* proceedings were brought to release a petitioner from prison, to which he had been committed by the probate court for his refusal to answer questions. It was held that *habeas corpus* was not a proper remedy because the probate court, which committed him, had jurisdiction to hear his petition to be released, and he should have applied to that court to deal with the case.

In *Nesbit* v. *Tindall,* 115 Ga. 374, 41 S. E. 569, Tindall, a receiver appointed by the court, misappropriated money held by him as receiver, to his own use. He was adjudged in contempt and sentenced to jail. He made application before the judge who had committed him, for discharge on the ground of his inability to pay, and his discharge was ordered. On review the Georgia Supreme Court said: "It should now be regarded as definitely and finally settled that in a case of this character the question of discharging from custody an officer of the court who has been imprisoned for not paying over money or delivering property, must be left to the sound discretion of the trial judge. * * * From a metaphysical standpoint it seems that his honor must necessarily have been satisfied that the imprisonment covering a period of 138 days has been suffi-

ciently long to vindicate the dignity of the court; and certainly he must have concluded that further imprisonment would not have the effect of compelling obedience to the order requiring Tindall to pay over the money."

To like effect are *Perry* v. *Pernet,* 165 Ind. 67, 74 N. E. 609; *Lansing* v. *Lansing,* 41 How. Prac. (N. Y.) 248, and *Camden* v. *Virginia Safe Deposit and Trust Corp.* 115 Va. 20, 78 S. E. 596. See, also, Rapalje on Contempt, sec. 137.

Section 42 of the Chancery Act pertains to powers of courts of chancery. That section grants to courts of chancery power to enforce their decrees and to exercise "such other powers as pertain to courts of chancery, and which may be necessary for the attainment of justice." (Ill. Rev. Stat. 1941, chap. 22, par. 42.) Under that section we are of the opinion that the superior court in this case had jurisdiction to hear Frank's petition and to, in a proper case, discharge him. It may be observed that if this be not true, there is no court and no method by which one incarcerated for contempt of court in such a case could ever hope to obtain his freedom if unable to comply with the order. Such a situation would amount to life imprisonment for debt, which is contrary to the genius of our form of government.

Holding, as we do, that the superior court had jurisdiction to consider Frank's petition for discharge and to enter the order complained of, we have passed upon the only question open for decision in a proceeding of this character. A writ of *mandamus* cannot be made a substitute for an appeal as a method for review. (*People ex rel. Wonogas* v. *Holmes,* 312 Ill. 284.) The writ is denied.

*Writ denied.*