ALBERT GODARD *vs.* BABSON-DOW MANUFACTURING COMPANY.

Suffolk.    October 4, 1945. — March 8, 1946.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Contempt. Equity Pleading and Practice*, Contempt proceedings, Appeal, Damages, Decree. *Damages*, For contempt.

Contempt consisting of disobedience by a defendant of a decree in equity enjoining him from maintaining a nuisance, for which he was ordered to pay the plaintiff a fine as compensation for loss suffered by the plaintiff through the disobedience and as reimbursement for the plaintiff's expense in enforcing his rights, was dealt with as a civil contempt.

A final decree in equity dealing civilly with contempt consisting of disobedience of a previous decree was appealable by the contemnor under G. L. (Ter. Ed.) c. 214, § 19.

A remark, made by a judge of a court of equity in a civil contempt proceeding after hearing evidence as to the public need for certain manufacturing operations previously enjoined by a decree of that court as a nuisance, that such operations ought to be resumed, was no justification for carrying on those operations in violation of the decree still in full force; and the fact that the judge heard such evidence and made such remark was immaterial in a later ascertainment of the proper amount of a fine for the contempt.

An offer made in good faith by a defendant to move machinery of the plaintiff to a location where the plaintiff's business would not be affected by a nuisance which the defendant had been enjoined from maintaining would not purge the defendant of civil contempt consisting of his disobedience of the injunction.

A final decree, entered in a civil contempt proceeding nearly two years after an adjudication of contempt for disobedience of an injunction against the maintenance of a nuisance and after a master had determined the damage resulting to the petitioner from the continuance of the nuisance, was not erroneous in including, in the amount of a fine

ordered paid to the petitioner, compensation for damage suffered by him after the adjudication of contempt.

A fine, which a contemnor was ordered to pay to the petitioner in a civil contempt proceeding for disobedience of an injunction against maintenance of a nuisance, properly included not only compensation for damage suffered by the petitioner through continuance of the nuisance but also reimbursement for his expense in enforcing his rights.

After the entry of a final decree in a civil contempt proceeding ordering the contemnor to pay a fine to the petitioner and providing for the issuance of a writ of attachment of the contemnor's person in case of his failure to pay, the court had power to enter a supplementary decree directing the petitioner to return the writ of attachment upon a bond for the payment of the fine being furnished; and the supplementary decree was an appealable final decree.

BILL IN EQUITY, filed in the Superior Court on February 6, 1942.

Contempt proceedings following a final decree after rescript are described in the opinion. Such proceedings were heard at various stages by *Walsh, Donahue,* and *Williams,* JJ.

*W. P. Murray,* (*L. Poretsky* with him,) for the contemnors.

*F. H. Chase,* for the plaintiff.

LUMMUS, J. The final decree after rescript entered on March 12, 1943, in *Godard* v. *Babson-Dow Manuf. Co.* 313 Mass. 280, restrained the continuance of a nuisance consisting of noise and vibration. The plaintiff in that case, on April 16, 1943, brought this petition in the Superior Court against the Babson-Dow Manufacturing Company and two of its officers, praying that they be adjudged in contempt for disobedience to that final decree. On June 7, 1943, the respondents were adjudged in contempt, and on August 26, 1943, the matter was referred to a master to find the damages suffered by the petitioner because of the disobedience to that decree.

The master reported on March 19, 1945, that the damages amounted to $2,936.49. Exceptions of the respondents were overruled, but an exception of the petitioner was sustained, and on April 4, 1945, the report was confirmed as thereby modified. Appeal was taken from all the interlocutory decrees.

On April 16, 1945, a final decree was entered in the contempt proceedings ordering "that the respondents pay to

the petitioner forthwith a fine" of $2,936.49 "to compensate him for the injury done to him by such contempt and to reimburse him for his expenses and disbursements in enforcing his rights." The decree further provided for the issuance of a writ of attachment of the persons of the individual respondents if the fine should not be paid within ten days. The respondents appealed.

Evidently writs of attachment issued, for by a supplementary decree entered on April 30, 1945, the petitioner was ordered to return them upon being furnished a bond as security for payment of the fine. From this last decree the petitioner appealed.

In the Superior Court the petitioner moved to dismiss the respondents' appeal from the final decree entered on April 16, 1945, and appealed from the denial of his motion. We assume, without deciding, that the denial of that motion was itself an appealable final decree. The contention of the petitioner is that a final decree in contempt proceedings, such as the decree entered on April 16, 1945, is not appealable.

Contempts have been classified as either criminal or civil. We need not consider the many consequences of that classification. The same act of disobedience to a decree may fall into either class, according to the purpose for which and the manner in which the court may deal with it. If the penalty is not imposed wholly for the benefit of the aggrieved party, but in part at least is punishment for the affront to the law, the contempt is deemed criminal. If, on the other hand, the power of the court is used only to secure to the aggrieved party the benefit of the decree, either by means of a fine payable to the aggrieved party as a recompense for his loss through disobedience to the decree, or by means of imprisonment terminable upon compliance with the decree, then the contempt is deemed civil. *Cherry* v. *Cherry*, 253 Mass. 172. *Root* v. *MacDonald*, 260 Mass. 344, 363, et seq. *Commonwealth* v. *Hudson*, 315 Mass. 335, 346, 347. *Scola* v. *Scola*, 318 Mass. 9. *Lamb* v. *Cramer*, 285 U. S. 217. *McCrone* v. *United States*, 307 U. S. 61. *Nye* v. *United States*, 313 U. S. 33. *In re Eskay*, 122 Fed. (2d) 819. *Carter*

v. *United States*, 135 Fed. (2d) 858. In the present case, plainly the contempt was dealt with civilly, and in no respect criminally.

We need not consider the modes of appellate review open to persons punished criminally for contempt. These have been recently discussed. *Dolan* v. *Commonwealth*, 304 Mass. 325. *Silverton* v. *Commonwealth*, 314 Mass. 52. *Berlandi* v. *Commonwealth*, 314 Mass. 424. *New England Novelty Co. Inc.* v. *Sandberg*, 315 Mass. 739. Where as in the present case the contempt consisted of disobedience to a final decree in equity, and was dealt with civilly and in no respect criminally, we think that the final decree in contempt proceedings, like other final decrees in equity, is appealable under G. L. (Ter. Ed.) c. 214, § 19. *Perfection Cooler Co.* v. *Rotax Co. Inc.* 296 Fed. 464. *Raymor Ballroom Co.* v. *Buck*, 110 Fed. (2d) 207. *Parker* v. *United States*, 126 Fed. (2d) 370. *Fenton* v. *Walling*, 139 Fed. (2d) 608. *Lamb* v. *Cramer*, 285 U. S. 217. See also *Commissioner of Banks* v. *Tremont Trust Co.* 267 Mass. 331, 334; *Scola* v. *Scola*, 318 Mass. 9. In laying down this rule we intend to dispel any doubts that might arise upon a reading of *New York Central Railroad* v. *Ayer*, 253 Mass. 122, *Cherry* v. *Cherry*, 253 Mass. 172, and *New England Novelty Co. Inc.* v. *Sandberg*, 315 Mass. 739.

The master found that the nuisance continued without material abatement, in violation of the final decree, from March 23, 1943, until June 7, 1943, the date on which the respondents were adjudged in contempt, and then ceased for a time. On or about June 19, 1943, the maintenance of the nuisance was resumed, and it continued until August 18, 1943.

The master admitted evidence that on June 19, 1943, a judge heard a motion of the respondents that they be purged of contempt; that the judge did not grant that motion, but heard a representative of the armed services declare that the products of the respondents were needed for the prosecution of the war, and said that their manufacturing operations ought to be resumed. The remark of that judge furnished no justification for the continued vio-

lation of a final decree that remained in full force. *Rappel*
v. *Italian Catholic Cemetery Association*, 259 Mass. 550,
553. The judge who later sustained the petitioner's excep-
tion to the admission of that evidence was right in so
doing. There was no such showing of impossibility of
compliance, or compulsion not to comply, as to excuse the
contempt.

There was no error in excluding evidence offered by the
respondents of their offer to move the petitioner's machin-
ery to another part of his premises where his business
could be conducted without being affected by the nuisance.
We assume that this offer was made after the final decree,
because if made before it could have been considered only
as it might affect the entry of that decree. That decree
fixed the rights of the parties, and afterwards the petitioner
could not be expected to bargain away the rights given him
by that decree. Proof of good faith and good intentions on
the part of the respondents would not purge them of con-
tempt, at least of a civil contempt.

There was no error in requiring the respondents in the
present proceeding to compensate the petitioner for injuries
suffered after the respondents were adjudged in contempt.
A series of assessments and decrees would complicate the
case to no purpose. In equity damages are commonly
computed and assessed up to the entry of the decree that
requires them to be paid. *E. Kronman, Inc.* v. *Bunn Bros.
Inc.* 258 Mass. 562, 568. *Atlantic National Bank* v. *Hupp
Motor Car Corp.* 300 Mass. 196, 202, 203. *Baseball Pub-
lishing Co.* v. *Bruton*, 302 Mass. 54, 58. *Carilli* v. *Hersey*,
303 Mass. 82, 84. *Ogens* v. *Northern Industrial Chemical
Co.* 304 Mass. 401, 405. *Dow* v. *Brookline Trust Co.* 308
Mass. 90, 101. *Anderson* v. *Connolly*, 310 Mass. 5, 12.
*Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 488. *Fash-
ioncraft, Inc.* v. *Halpern*, 313 Mass. 385, 389. *S. M. Spencer
Mfg. Co.* v. *Spencer, ante*, 331, 340.

The fine rightly included fair compensation for everything
the petitioner suffered because of the disobedience to the
decree. The amount need not be limited to such damages
as could have been recovered in an action for a nuisance.

One who has disobeyed a decree is in no position to split hairs. We see nothing unfair or unreasonable in the amount of the fine. *Root* v. *MacDonald,* 260 Mass. 344, 361–363. *Fox* v. *Capital Co.* 299 U. S. 105, 108, 109. *Raymor Ballroom Co.* v. *Buck,* 110 Fed. (2d) 207. *Parker* v. *United States,* 126 Fed. (2d) 370, 380.

The Superior Court had power by the supplementary decree of April 30, 1945, to substitute a bond for an attachment of the person as the sanction to compel the payment of the fine. A court has power by a supplementary decree to alter the details of performance or enforcement of even a final decree. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 577. *Mootry* v. *Grayson,* 104 Fed. 613, 618. *Fulton Investment Co.* v. *Dorsey,* 220 Fed. 298. *People* v. *Lewe,* 380 Ill. 531, 535, et seq. *Sinking Fund Commissioners of Philadelphia* v. *Philadelphia,* 324 Penn. St. 129, 135. That supplementary decree was an appealable final decree, and is properly before us. *Seder* v. *Kozlowski,* 311 Mass. 30, 36.

The several interlocutory decrees are affirmed. The supplementary decree of April 30, 1945, is affirmed. The final decree of April 16, 1945, is affirmed with costs.

*So ordered.*