Joseph P. Pamelia, Jr., of Springfield, for the Plaintiff.

Philip J. Shine, of Springfield, for the Defendant.

*Northern District*
No. 6079 — No. 6080
**SHIRLEY C. BERG**
v.
**WILLARD D. BUCKLESS**

**WILLARD D. BUCKLESS**
v.
**SHIRLEY BERG and PETER BERG**

*Present*: Brooks, P. J., Parker & Yesley, JJ.

Case tried to *Dewey, J.* in the First District Court of Eastern Middlesex (Malden). No. 4773 of 1962 and No. 32 of 1962.

*Brooks, P. J.* On *April 26,* 1962 a motor

vehicle owned by Shirley Berg and operated by her son, Peter Berg, collided at an intersection with a motor vehicle owned and operated by Willard D. Buckless Sr.

On *November* 30, 1962 Shirley Berg brought suit against Willard D. Buckless Sr. in tort for property damage. On *December* 19, 1962 Willard D. Buckless Sr. brought suit against Peter Berg and Shirley Berg for personal injury and property damage.

Both cases were tried on *December* 9, 1963 at which time Buckless filed requests for rulings in both cases. On *December* 13, 1963 the trial judge filed written findings in favor of Peter Berg and Shirley Berg as defendants and in favor of Shirley Berg as plaintiff. The court denied Buckless' requests for rulings in both cases.

On *December* 19, 1963 Buckless filed motions for a new trial and requests for a report in each case. On *March* 2, 1964 the court denied the motions for a new trial. On *March* 7 Buckless filed a draft report in each case. On *March* 11 the Bergs filed motions to dismiss the draft reports.

*December* 11, 1964 the court dismissed Buckless' draft reports. *December* 13, 1964 Buckless filed claims of report in both cases and on *December* 17, 1964 filed draft reports.

Since no draft reports were presented to us we have no direct evidence as to whether they relate to an appeal from the court's findings and rulings filed *December* 13, 1963 or to the denial on March 2, 1964 of the

Buckless motions for a new trial. We feel safe, however, in assuming from statements in the Buckless brief that the draft reports relate to the findings and rulings filed December 13, 1963.

The following statements are to be found on page 3 of the brief:

"The record of the proceedings shows that the defendant filed both a Request for Report and a Motion for New Trial, well within the five day limitation as set forth in Rule #27 of the Rules of the District Court. If these pleadings had not been filed, the time would commence to toll on December 15, 1963, and would terminate on December 25, the ten day limitation specified in Rule #28."

"The issue therefore is: 'Must a Draft Report be filed within ten days after the date of the decision, or does the time commence after the court's action on the Motion for a New Trial, Request for Report having been duly filed.' "

■■ The issue before this court is whether the original draft reports filed March 7, 1964 were properly dismissed. Before passing on this issue, it is appropriate to note that this court is without the documents usually included in a report, namely, pleadings, motions, requests for rulings and findings of the court. It is not proper procedure to attempt to incorporate these papers by reference. They should be part of the report itself. Fortunately their absence is of no particular importance in the case before us since the issue is purely procedural.

The docket entries in these cases indicate that the findings and rulings were filed December 13, 1963 and that the draft report was filed on March 7, 1964—12 weeks later. Rule 28 provides in the first paragraph in part as follows:

> "The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision in the cause provided the cause be ripe for judgment except for the pendency of Requests for Rulings and request for a report or a motion for a new trial, otherwise, within ten days after the cause becomes ripe for judgment."

It is defendant's contention that the filing of a motion for a new trial on December 19, 1963 prevented the running of the ten-day period and that period did not begin until the motion for a new trial was disposed of on March 2, 1964. If this were so the filing of the draft report on March 7 would of course have been permissible.

Defendant's contention is flatly in conflict with the language of the rule above quoted. Defendant really is quarreling with the rule, the result of which he regards as unreasonable. Perhaps so, but there it is in plain English. Defendant would have a good case but for the exception which exactly fits the situation before us. Had the rule meant what defendant claims it to mean, it would not have included among the exceptions a motion for a new trial. We do not consider that the case of *McGloin v. Nilson*, 348 Mass. 719, applies.

There was in our opinion no error on the part of the judge in allowing plaintiff's motion to dismiss the draft reports. *Gallagher v. Atkins,* 305 Mass. 261, 263. Consequently the order must be that the *second draft reports now before us are to be dismissed.* ·

Paul J. Donaher, of Boston, for the Plaintiff, Berg.

Sumner H. Smith, of Lynn, for the Defendant, Buckless.

Sumner H. Smith, of Lynn, for the Plaintiff, Buckless.

Paul J. Donaher, of Boston, for the Defendants, Berg.