*Northern Division*
No. 8156
**THOMAS W. SCRAGGS, ppa**
v.
**ROGER HAFFORD**

Argued: Jan. 17, 1974 - Decided: Mar. 12, 1974

*Present*: Cowdrey, P.J., Flaschner, C.J. & Flynn, J.

Case tried to *Constantino, J.* in the District Court of Marlboro, No. 8278.

**Flynn, J.** This is the unusual situation where the prevailing party rather than the losing party requested the report that is before this Division.

This is a contract action wherein the plaintiff, age 17, sued thru his father and next friend, William E. Scraggs, Jr. **At the trial there was evidence to show that** on or about November 2, 1972 the plaintiff traded his 1965 Oldsmobile Delta 4 door hardtop for the defendant's 1965 Ford Mustang on even terms. The plaintiff had the Ford Mustang in his yard for a few days and it would not run and he contacted the defendant and wanted to return the defendant's car and recover his own car. The defendant had expended several hundred dollars to fix up the car that he had received from the plaintiff.

Plaintiff claims damages in the amount of the value of the Oldsmobile at the time he sought to disaffirm the contract. The trial justice took a view of the Oldsmobile.

At the close of the evidence and before final arguments, the plaintiff made the following request for rulings:

1. There is sufficient evidence to warrant a finding for the plaintiff.

2. A minor has a right to disaffirm a contract and recover the consideration provided said contract is not for the necessaries of life.

3. Upon disaffirmance the parties are placed in pari delicto and court cannot take into account work, labor or materials which may have been furnished the plaintiff's auto.

4. This Honorable Court has power to order the return of the consideration.

The court found for the plaintiff in the amount of $65.00 and made no other findings of fact. However, the report does state that the amount of $65.00 was based upon the value of the plaintiff's car at the time of the original exchange between the parties.

The plaintiff's requests for rulings were "considered waived in view of the finding."

The plaintiff claimed to be aggrieved by the court's failure to make findings of fact, alleging there is no statement as to what the $65.00 represents.

An examination of the attested record filed with this Division reflects that the finding for the plaintiff was filed on February 9, 1973 and copies of the finding were mailed on that day to the plaintiff's attorney and to the parties of record.

On February 17, 1973 the plaintiff filed a motion for a new trial which was heard on April 11, 1973. This motion was denied on April 17, 1973 and on April 21, 1973 the plaintiff filed a request for a report to this Division.

■ Under both G.L. c. 231, § 108 and Rule 27 of the District Court Rules of Massachusetts (1965) a request for a report must necessarily be filed with the Clerk within five (5) days after notice of the finding or decision. As was stated in *Massachusetts Drug Co.* v. *Bencks,* 256 Mass. 535, the rule is plain in its terms, and the requirement that the draft report shall be filed within five days is peremptory. No provision is made for extension of that time either by agreement of the parties. or by the court. (See also *Conway* v. *Murphy,* 287 Mass. 536. *Plante* v. *Millstone Acres, Inc.,* 1972, 23 Legalite 189.)

■ Furthermore, the filing of a motion for a new trial does not stay the time during which a request for a draft report or a draft report must be filed under the District Court Rules, and the denial of the motion in such a case affords no basis for review. *Berry* v. *Tonneson,*

40 Mass. App. Dec. 5. *Buckless* v. *Berg,* 32 Mass. App. Dec. 82.

Even though the failure to comply with the rule as aforementioned was not brought into issue in the proceedings in the trial court, where a matter of jurisdiction of this Division is involved, even though it hasn't been raised by the brief of the parties, it is the duty of this Division to consider such issue on its own motion. *Warner* v. *Mayor of Taunton,* 253 Mass. 176.

In *Volpi* v. *Rowe,* 32 Mass. App. Dec. 53 it was held that when a party fails to file a request for a report within five days after notice of a decision as required by the G.L. c. 231, § 108 and by Rule 27 of the District Courts (1965), he can not have a review of the actions of the trial justice at the trial. It was also held that where a party files a motion for a new trial, after failing to file a request for a report of any action taken by the trial justice at the trial, and a report is allowed which recites the proceedings at the trial and the justice's disposition of the motion for a new trial, the only question to be determined by the Appellate Division is the propriety of the justice's action on the motion for a new trial.

The motion for a new trial and disposition do not revive the right to review the justice's action during the trial.

The only difference between the *Volpe* case and the case at bar is that in the present

case the report did not recite anything relative to the motion for a new trial and the justice's disposition thereof (although the attested record did contain this information.)

However, even if we treat the plaintiff's request for report which was filed on April 21, 1973 as timely in view of the fact that it was filed within five days after the denial for the motion for a new trial, we would be limited to the determination of the question of the propriety of the justice's action on the motion for a new trial.

Inasmuch as the declaration in this case was couched in the alternative requesting either damages or return of an automobile belonging to a minor, who had exchanged the automobile for the automobile of another, and who sought to disaffirm the contract because of his minority, the justice was certainly acting within his province in awarding damages.

In the leading case of *Bartley* v. *Phillips,* 317 Mass. 35 it was stated at page 41 that "in a multitude of cases it has been said that the decision of the question of whether a new trial should be granted for excessive or inadequate damages or for other reasons is within the discretion of the trial judge." (citing many cases.)

*Bartley* also held that an award of damages must stand unless to make it or permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of

law, and that an abuse of discretion consists of judicial action "no conscientious judge, acting intelligently could honestly have taken." Further that "only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised, and that only in rare instances can it be ruled that there has been abuse of discretion amounting to an error of law."

In the case at bar it can not be said that the award of damage, made after a view taken by the trial justice, (which the report states is a finding for the plaintiff for the value of his motor vehicle at the time of the original exchange between the parties) could be classed as an abuse of discretion.

Therefore, the finding must stand and accordingly **report is dismissed.**

JOSEPH S. SAPPETT of Hudson
    for Plaintiff
PRO SE of Sudbury
    for Defendant