Lois Anne SMITH,
Plaintiff-Respondent,

v.

Edward J. SMITH, Jr. and Elaine
Smith, Defendants-Appellants.

In re the MARRIAGE OF Edward J.
SMITH, Jr. and Lois Anne Smith.

Edward J. SMITH, Jr.,
Petitioner–Appellant,

v.

Lois Anne SMITH, Respondent.

Nos. 14900, 14977.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 20, 1987.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Dec. 14, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Charles T. Rouse, Salem, for plaintiff-respondent.

David G. Neal, Eminence, for defendants-appellants.

PREWITT, Presiding Judge.

The matters in dispute here, arising out of the dissolution of the marriage of Ed-

ward J. Smith and Lois Anne Smith, were consolidated in the trial court and the appeals from the judgment in the trial court have been consolidated here. This is the third appeal arising out of that dissolution. See In re *Marriage of Smith*, 721 S.W.2d 782 (Mo.App.1986); *Smith v. Smith*, 702 S.W.2d 505 (Mo.App.1985).

We first discuss appellants' two points relied on in Case No. 14900. Before reaching those points some preliminary comments are necessary. The initial judgment in this matter awarded the parties' home to Edward J. Smith, Jr., together with a claim against an insurance company for damage to the home and personal property resulting from damage caused by bursting water pipes. On appeal this court modified the judgment by awarding to Lois Anne Smith the home and all "claims for damage and insurance proceeds." 702 S.W.2d at 510. Apparently between the date of the initial judgment and this court's opinion, a settlement was reached with the insurance company.

■ Appellants contend in their first point that the trial court erred in not allowing Mr. Smith "restitution for the $4,158.44 worth of repairs and improvements he made to the marital home". Whether he actually improved the value of the home was disputed and the trial judge was justified in finding that he did not. Moreover, appellants acknowledge in their brief that Mr. Smith "utilized the insurance recovery for water damage to the home to make the ordered repairs spending in excess of $4,000 in those efforts." Those insurance proceeds were ordered by this court to respondent. If Mr. Smith used them to repair the house, he is not entitled to be reimbursed as respondent was entitled to those proceeds. This point is denied.

■ Appellants' remaining point relied on in Case No. 14900 asserts that the trial court erred in failing to award Mr. Smith "a judgment for restitution or subrogation for the $12,000 house payments he made under the initial court order which awarded him the marital home." He contends that he made these payments while the initial court order which awarded him the home

was still in effect and that the ownership of the house and the order requiring his former wife to assume the mortgage should be applied retroactively, making it respondent's obligation to pay the mortgage payments.

Respondent was not awarded the home "retroactively", if that would even be possible. Neither this court nor the trial court saw fit to reimburse Mr. Smith for any part of the house payments made. Requiring him to make those payments during the time that the initial decree was in effect does not create an unjust result in the division of marital property. This point is denied.

Appellant Edward J. Smith, Jr. has two points relied on in appeal No. 14977. He contends in his first point that the trial court erred in finding him in contempt of the dissolution decree and ordering him jailed because (1) respondent had other remedies available and improperly failed to pursue them before resorting to contempt; (2) respondent failed to establish his ability to comply or purge his contempt; and (3) the judgment of contempt and commitment orders did not sufficiently state the facts of his ability to purge his contempt. There is no merit to these contentions.

■ That respondent may have had other remedies available does not mean that contempt cannot be used. It has been stated that trial courts "in the exercise of a sound discretion, may require that the party seeking the contempt order make reasonable efforts to collect by the conventional remedies available before entering the contempt order." *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 575 (Mo. banc 1976). Respondent is not required to bring additional actions, as it is desirable for the parties and the court to, if possible, finally dispose of all issues in the dissolution. The trial court has discretion to condition a contempt adjudication on a prior reasonable effort to use other means for compliance but prior resort to such other means is not required before contempt can be adjudicated. *Brown v. Brown*, 670 S.W.2d 167, 169 (Mo.App.1984).

Respondent was not required to prove that Mr. Smith had the ability to comply with the court's decree. He had the burden to show that he was not able to comply. See *Wisdom v. Wisdom*, 689 S.W. 2d 82, 85 (Mo.App.1985). The evidence indicated that he could.

The only case which appellant cites for his contention that there must be specific findings of the contemner's resources that will suffice to prove his ability to purge is *Brown v. Brown*, supra, 670 S.W.2d 167. In *Brown*, the husband presented evidence that he could not comply and the court held that findings of fact on that issue were required. 670 S.W.2d at 171. Here, there was no such evidence. The trial court made extensive and detailed findings on the issues presented.

It also found and set forth the facts required for a finding of civil contempt. A judgment of civil contempt must set forth the facts and circumstances upon which the contemner was determined to be in contempt. *Ex parte Ryan*, 607 S.W.2d 888, 891 (Mo.App.1980). It "is essential that there be a judicial declaration of the facts and circumstances constituting the contempt so that the contemner may purge himself." Id. The facts and circumstances upon the basis of which the contemner is adjudged to be in contempt must be set forth in the judgment finding the contemner in contempt and in the commitment for his contempt. Id. at 892. This requirement was satisfied. The court's findings here were sufficient. Point one of Case No. 14977 is denied.

Mr. Smith's remaining point in appeal No. 14977 contends that the evidence of respondent does not support the judgment of contempt in four particulars. Although we have examined the record, we see no reason to lengthen this opinion to discuss three of those contentions as they are totally without merit. The remaining contention does have merit.

Respondent, by decree of July 17, 1984, was awarded a 1981 Chevrolet automobile. In violation of that decree, which the trial court found to be willful and flagrant, Mr. Smith withheld the automobile from re-spondent and utilized it until June 10, 1986. The vehicle was valued at $4,100 by the July 17, 1984 decree and the trial court found that it depreciated to $1,200 during the time that Mr. Smith retained it. The court ordered that Mr. Smith pay to respondent $2,900 as the difference in the value of the vehicle at the time respondent should have received it and at the time she did receive it. He was "held in contempt and ordered confined until such time as he has paid to Movant [respondent here] the sum of $2,900.00".

Although we recognize that what the trial judge did may be a practical common sense result for this case, Mr. Smith is being committed to jail for not doing something that was not strictly required in the decree he was charged with violating. A party cannot be judged in contempt for failing to do something not specified in an earlier order. *State ex rel. City of Pacific v. Buford*, 534 S.W.2d 819, 821 (Mo.App. 1976); *State ex rel. Rosener v. Lasky*, 552 S.W.2d 728, 730 (Mo.App.1977).

However, the amount assessed was proper. A fine may be appropriate as a punishment in civil contempt if it is related to the actual damage suffered by the injured party and is payable to that party. *Angell v. Angell*, 674 S.W.2d 147, 149 (Mo. App.1984). Mr. Smith's delay in compliance was a violation of the July 17, 1984 decree and the court was justified in the amount of the fine as it related to respondent's damages.

Sentencing Mr. Smith to jail until he paid the fine was not proper, at least as of the time he was committed, as he should have a reasonable time for compliance. If that amount is not paid within 30 days of the issuance of the mandate of this court, then new proceedings for contempt may be initiated.

In both of these appeals respondent has filed a motion for costs and damages for frivolous appeal. A "frivolous appeal" presents no justiciable question and is readily recognizable as devoid of merit. *Goodloe v. Pink*, 683 S.W.2d 653, 656 (Mo.App.1984). The issues here were

not so readily recognizable as devoid of merit as to justify damages for frivolous appeal. The motions for costs and damages for frivolous appeal are denied.

The judgment is affirmed, except for the portion of the judgment committing Edward J. Smith, Jr. to jail until he paid the $2,900 above referred to, and that portion of the judgment is reversed, and the cause remanded for entry of a judgment to that effect, which allows Edward J. Smith, Jr. 30 days from the date of this court's mandate to pay said $2,900.00. Costs of this appeal are assessed against Edward J. Smith, Jr. and Elaine Smith jointly.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.