Betty E. DIVINE, Respondent,

v.

Larry M. DIVINE, Appellant.

No. 16011.

Missouri Court of Appeals,
Southern District,
Division Two.

May 23, 1989.

Robert P. Baker, Sarcoxie, for respondent.

Robert L. Stemmons, Stemmons & Stemmons, Mt. Vernon, for appellant.

PREWITT, Judge.

The parties' marriage was dissolved by judgment entered September 9, 1987. That judgment was affirmed here. *Divine v. Divine*, 752 S.W.2d 76 (Mo.App.1988). Thereafter, appellant was found in contempt of court arising out of that judgment.

The trial court found that appellant was guilty of contempt because having actual knowledge of the dissolution judgment, and before he left the premises, he removed from improvements located on realty awarded to respondent, six circuit breakers, three phone jacks, one front door lock, curtain rods and window shades, a yard gate, five 16–foot steel stock gates, bathroom towel racks and a toilet tissue holder. Appellant was also found in contempt because he refused to deliver to respondent a refrigerator, range and two chairs awarded her, and failed to pay respondent $13,-809.01, her share of proceeds from the sale of cattle.

The trial court ordered appellant to pay a fine of $1,500, for losses sustained by respondent as a result of the removal of fixtures from the improvements located on real estate awarded to her and for refusing to allow her to have the refrigerator, range and two wooden chairs. Appellant was also ordered to pay respondent her share of the cattle proceeds. He was sentenced to jail until he paid these amounts. The court stayed imposition of its order of contempt for ten days. Appellant did not pay these amounts, but posted bond and appealed.

Among appellant's contentions on appeal is that he could not be guilty of violating the dissolution judgment because it "did not specifically order [appellant] ... to do or perform any act, or to refrain from doing or performing any act, but simply set aside to each party the ownership of the non-marital and marital property." There is no merit to this contention.

■ Appellant thwarted the court's order by preventing respondent from receiving what the court ordered. He removed or caused to have removed certain improvements from the property which respondent was to receive. This conduct on his part was an attempt to avoid part of the court's order and justified the finding of contempt. See *Wisdom v. Wisdom,* 689 S.W.2d 82 (Mo.App.1985). See also *Berry v. Midtown Service Corp.,* 104 F.2d 107, 109–110 (2d Cir.) (removal or destruction of subject matter of suit pending appeal may constitute contempt), cert. granted, 308 U.S. 536, 60 S.Ct. 114, 84 L.Ed. 452, cert. dismissed, 308 U.S. 629, 60 S.Ct. 297, 84 L.Ed. 525 (1939); *Scola v. Scola,* 318 Mass. 9, 59 N.E.2d 773, 774 (1945) (removal of property to preclude effective decree justified contempt).

■ Appellant also contends that the fine of $1,500 was not substantiated by the evidence. Although appellant is correct that the evidence of the total value of the items removed does not total $1,500, the cost of labor in reinstalling similar items plus their value could obviously be more than the amount of the fine. A fine is appropriate as a punishment in civil contempt if it is related to the actual damage suffered by the injured party and is payable to that party. *Smith v. Smith,* 743 S.W.2d 476, 479 (Mo.App.1987). This fine met those criteria.

Appellant raises other contentions, but upon examination of them and the record we determine that they are without merit. The trial court's judgment was supported by substantial evidence and was not against the weight of the evidence and no error of law appears. A further opinion would have no precedential value.

The judgment of contempt is affirmed in compliance with Rule 84.16(b).

HOGAN and MAUS, JJ., concur.